UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LASHANA WEAVER,                                    Index No.:

                      Plaintiff,          **FIRST AMENDED**
-against-                                          **COMPLAINT WITH**
                                           **JURY DEMAND**
BENTLEY WARRINGTON and
CITY OF NEW YORK, DEPARTMENT OF EDUCATION,

                      Defendants.
------------------------------------------------------------------X

       Comes the Plaintiff, **LASHANA WEAVER**, for her First Amended Complaint against the Defendants Bentley Warrington and the City of New York Department of Education:

### THE PARTIES

1. Plaintiff **LASHANA WEAVER (hereinafter referred to as "WEAVER")** was a female individual of twenty-five (25) years of age and a resident of KINGS COUNTY. At the time of this incident **LASHANA WEAVER** was employed by the **CITY OF NEW YORK, DEPARTMENT OF EDUCATION (hereinafter referred to as "DOE")**.

2. Defendant **BENTLEY WARRINGTON (hereinafter referred to as "WARRINGTON")** is the principal at Walt Whitman Middle School 246 in Brooklyn, New York.

3. Defendant **CITY OF NEW YORK, DEPARTMENT OF EDUCATION** is a municipality and employs defendant Warrington.

### JURISDICTION AND VENUE

4. This court has original subject matter jurisdiction over this matter under 28 U.S.C. § 1331 as this is a civil action arising under the Constitution, laws or treaties of the United States.

5. This court has original subject matter jurisdiction over this matter under 28 U.S.C. § 1343(a) (3) and 42 U.S.C. Section 2000e-5, inasmuch as the controversy is based on Title VII of the Civil Rights Act of 1964. The jurisdiction of this Court is invoked to secure protection and redress deprivation of rights guaranteed by federal law, which rights provide for injunctive relief and other relief for illegal employment discrimination. The amount in controversy in this action exceeds the jurisdictional limits of this Court.

6. This Court is requested to exercise supplemental jurisdiction over Plaintiff's State Law claims based on 28 U.S.C. § 1367.

7. Venue is proper in this Court based on 28 U.S.C. § 1391 as the Plaintiff resides in Kings County. Additionally, the location of the event occurred in Kings County.

## GENERAL FACTUAL ALLEGATIONS

8. Plaintiff, Lashana Weaver, was a twenty-five year old woman, at the time of this incident, who was a highly respected teacher, brought this lawsuit against the DOE and Principal Bentley Warrington because she was discriminated against by these defendants based on her gender. As a result of that discrimination, Ms. Weaver was wrongfully given a "U" rating and then terminated from the Department of Education. Ms. Weaver's discrimination claims are based on sex discrimination and retaliation. The defendants subjected Ms. Weaver to a discriminatory and hostile work environment because of her identity as a woman.

9. Defendant DOE's employee defendant Warrington led a pattern of separate and discriminatory behavior against female subordinates in his employ. Principal Warrington, a married man in his fifties, took sexual advantage of a female teacher,

2

who was also married, because of his position. The teaching community, both male and female, complained to Ms. Weaver about the principal's sexual relationship with her friend, a woman in her thirties. Other female teachers told Ms. Weaver that the sexual relationship was inappropriate and they told Ms. Weaver to make her friend aware of its inappropriateness. They also explained to Ms. Weaver that the sexual relationship could hurt her friend's career in the long run.

10. It was well known among the staff that if a female subordinate did not adhere to Principal Warrington's wishes, whether sexual, political or administrative, Principal Warrington would punish and retaliate against the non-compliant female by issuing "U" ratings, termination or demotion. Ms. Jaime Coleman, an ESE teacher, who was often mocked and ridiculed by Mr. Warrington and he gave her a "U" rating. Thus, was the punishment heaped on Ms. Weaver when she advised her female friend and colleague that her sexual relationship with Principal Warrington was inappropriate and in violation of DOE policy. When Ms. Weaver's friend shared Ms. Weaver's comments with Principal Warrington, Principal Warrington retaliated against Ms. Weaver by scrutinizing her while she was teaching class, making unannounced evaluations to her classroom, which he had never done previously and had no grounds to do as he was not her supervisor. He also retaliated against her when he orchestrated the initiation of a "U" rating against Ms. Weaver and then subsequently terminated her. Ms. Weaver's termination was based on gender discrimination and a hostile work environment.

11. Mr. Warrington asked Ms. Weaver's supervisor and Assistant Principal, Kesha Bascombe to evaluate Ms. Weaver and give her the "U" rating. Ms. Bascombe

refused because it was unjustified. The evaluation Mr. Warrington asked Ms. Bascome to conduct was done during a period of time when there were no evaluations being done. Moreover, evaluations were done by heads of the various departments. Principals did not conduct evaluations. Ms. Bascombe was asked to evaluate Ms. Weaver negatively. Mr. Warrington was not permitted to evaluate her. Ms. Bascombe was not supportive of evaluating Ms. Weaver negatively. She refused to evaluate Ms. Weaver and to give her a "U." Mr. Warrington on his own performed an evaluation, which came from him and did not follow the protocol. Mr. Warrington reached out to Ms. Bascombe to ask her to perform a negative evaluation because of his unhappiness with Ms. Weaver making an issue of his personal relationship with Ms. Weaver's friend Georgette Reid. Ms. Bascombe made Ms. Weaver aware that she was instructed by Mr. Warrington to terminate Ms. Weaver. He asked her to assist him in terminating Ms. Weaver because he knew he had no legitimate reason to terminate her. She refused to do so because she knew had no litigate reason to terminate Ms. Weaver and she was not going to be a part of it. Kesha Bascombe left after Ms. Weaver was terminated because she could no longer suffer working in the hostile environment.

12. Ms. Weaver was not the only female that was discriminated against and given a "U" rating. Ms. Nikkiya Burke, an ESE teacher, was also a teacher who had been terminated and given a "U" rating for no other reason than being a female. Mr. Warrington is misogynistic man who abuses his power by pressuring subordinate female teachers into having sexual relations with him in order to secure their jobs at Walt Whitman.

13. Sonya Richardson, at the time of this incident, was the Activities Coordinator, left in the middle of the year in 2013 and told Ms. Weaver to protect herself. She was an Assistant Principal who was demoted to Activities Coordinator.

14. As a further form of retaliation for vocalizing the inappropriateness of the sexual relationship to her friend, Principal Warrington also initiated false criminal charges against Ms. Weaver, caused Ms. Weaver to be falsely arrested and maintained a course of malicious prosecution. As Principal Warrington's employer the DOE condoned and supported Principal Warrington's behavior by asserting that his relationship with a subordinate was not a violation of DOE policy and that as principal he had the sole responsibility to hire and fire whom he wished at his school. With the support of DOE Principal Warrington used this power to discriminate against his female subordinates.

15. During the period of time that Plaintiff was a teacher at the Walt Whitman School, there were certain male teachers who were protected from "U" ratings and termination or any type of punishment. On or about March 2013, Mr. James Allen, a Dean with the school had physically picked up a student and threw him across the classroom and he was not disciplined, given a "U" rating or terminated. Mr. Kuzaliwa Campbell, an Assistant Principal, had subjected the Plaintiff to sexual harassment. When Plaintiff complained to defendant Warrington, he discouraged her not to pursue charges against Mr. Campbell telling her that there would be consequences to her complaint; specifically that he would have to release Mr. Campbell or her or both of them from his employ. Mr. Kenroy Johnson, the Assistant Principal, it was public known he was unhappy with his performance and Mr. Warrington never disciplined

him and defendant Warrington, was forced by defendant Warrington to give the Plaintiff the "U" rating. Mr. Warrington asked Mr. Johnson to terminate Ms. Weaver's friend Ms. Reid in an effort to create the perception that Ms. Weaver was being legitimately terminated based on the ruse of budget cuts.

16. On April 26, 2013, Principal Warrington told Ms. Weaver that her services were no longer needed at the school because of budget cuts that he would have to let her go. She said that if she had to go then everyone after her would have to go. There was no "U" and no negative rating. Ms. Weaver inquired as to whether other teachers who were hired after she was hired, were being released. Principal Warrington essentially told her that it is not for him to say. Two males replaced Ms. Weaver and Ms. Reid, respectively, the next day. The following Monday, Ms. Weaver filed a grievance for wrongful termination against Mr. Warrington with her union representative, Mr. Rick King, District 17 and made him aware that she was told that she was fired because of budget cuts and there was no mention of a "U." Ms. Weaver had never received any file letters or warnings and she had no previous sanctions.

17. At Ms. Berlien Bastien's urgings, Ms. Weaver went to talk with Principal Warrington and explained that her career would be devastated. Ms. Bastien urged that Ms. Weaver speak with Principal Warrington six months after her leaving because Ms. Weaver had filed two grievances against him. After Ms. Weaver's grievances, Mr. Warrington issued her the "U," which prompted Ms. Weaver to file another grievance. Ms. Bastien told Ms. Weaver that she and Mr. Warrington should speak about their mutual grievances. Another female teacher, Ms. Bastien told Ms. Weaver that she should address the situation with Principal Warrington.

6

18. Ms. Weaver informed Mr. Warrington that she was only sent by a colleague to speak about their mutual issues. Principal Warrington took out his cell phone, held it close to Ms. Weaver's face and began snapping pictures of her. Ms. Weaver moved Principal Warrington's camera from her face and Mr. Warrington struck her. Ms. Weaver defended herself and she left. After being urged by Ms. Bastien not to file a complaint, Ms. Weaver left to make a complaint at the local precinct. The precinct told her that the matter does not warrant any action and they refused to take her complaint. Ms. Weaver spoke to an attorney to again lodge her complaint.

19. In further retaliation for her verbalizing that Principal Warrington was sexually involved with a subordinate, Principal Warrington had Ms. Weaver arrested. The police officers who arrested her made Ms. Weaver aware that Principal Warrington was a respected person in the community. Ms. Weaver was arrested, placed in custody and charged with Attempted Robbery in the Second Degree – 2 Counts, Attempted Grand Larceny in the Fourth Degree, Assault in the Third Degree, Attempted Assault in the Third Degree, Attempted Petit Larceny, Menacing in the Third Degree, and Stalking in the Fourth Degree and Harassment in the Second Degree.

20. At all times during the arrest, Plaintiff did not resist her illegal arrest in any manner.

21. Plaintiff was processed and held in jail until her arraignment in Brooklyn Criminal Court approximately 24 hours after her arrest. She was released in her own recognizance.

22. The criminal complaint, allegations and charges were sworn under oath by Defendant Warrington as true, even though he knew them to be false.

23. After Ms. Weaver's testimony and Principal Warrington's testimony before the Grand Jury all charges were dismissed against Ms. Weaver in August 2014.

24. The Plaintiff was required to appear in court on more than ten occasions related to the false criminal charges against her. She incurred legal and other expenses as a result of the wrongful arrest and prosecution.

25. At all times herein, the individual defendant had no cause to have Plaintiff arrested and charged with any crimes. His actions were based solely on malice and bad faith and were supported by the false statements made by him under oath.

26. At all times relevant herein, the individual defendant acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to Plaintiff's rights and physical and mental well-being by having Plaintiff arrested, imprisoned and prosecuted.

27. DOE who took the position that because of the arrest they felt she violated certain DOE codes and they would not entertain her perspective of what transpired. Mr. Warrington, the business day after Ms. Weaver's arrest, reported Ms. Weaver's arrest and the criminal charges to the DOE in an effort to further retaliate and prohibit Ms. Weaver from future employment. DOE sent a letter requesting that Ms. Weaver report all resolutions of the case to them, although Ms. Weaver had been terminated five months prior and had no reason to. There was no reason for DOE to have known about the arrest, but Mr. Warrington saw to it that they did.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF – SEX DISCRIMINATION

28. Plaintiff incorporates as if fully restated all of the allegations previously written.

29. During the course of Plaintiff's employment with Defendants, the Defendants, by and through their agents and employees, discriminated against the Plaintiff in the terms, conditions, and privileges of employment in various ways, in substantial part because of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 20003 *et seq.*

30. The above-described unwelcome sex discrimination created an intimidating, oppressive, hostile and offensive work environment which interfered with Plaintiff's emotional and physical well-being.

31. As a result of the hostile and offensive work environment perpetrated by the Defendant DOE's employee, Defendant Warrington, and maintained and condoned by Defendant DOE and DOE's failure to protect Plaintiff from such discrimination, the Plaintiff suffered humiliation, emotional distress, and physical pain.

32. Defendant DOE through its agents or supervisors, failed to adequately supervise, control, discipline, and /or otherwise penalize the conduct, acts and failures to act of Defendant Warrington as described above.

33. Defendant DOE failed to take all reasonable and necessary steps to eliminate sex discrimination from the workplace and to prevent it from occurring in the future.

34. As a further direct and proximate result of Defendants' violation of Title VII of the Civil Rights Act of 1964, *et seq.* as described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with DOE and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff.

## SECOND CLAIM FOR RELIEF – SEX DISCRIMINATION

35. Plaintiff incorporates as if fully restated all of the allegations previously written.

36. By disciplining, penalizing and issuing "U" ratings to female employees at the Walt Whitman School, who questioned or challenged defendant Warrington, over male employees who also questioned or challenged defendant Warrington, the Defendants violated the Civil Rights Act (as amended), 42 U.S.C. 2000 *et seq.*

## THIRD CLAIM FOR RELIEF - RETALIATION

37. Plaintiff incorporates as if fully restated all of the allegations previously written.

38. As herein alleged, the Defendants, by and through its agents, assistant principals, and/or supervisors, illegally retaliated against Plaintiff by unjustly subjecting her to unjust scrutiny in the classroom, false allegations of misconduct, giving her a "U" rating solely because she verbalized the aforementioned sex discrimination. Defendants had no legitimate reasons for any such act. Each said act of retaliation is in violation of Title VII of the Civil Rights Act of 1964.

39. As a direct and proximate result of the Defendants' willful, knowing, and intentional discrimination and retaliation against Plaintiff, Plaintiff suffered and will continue to suffer pain, humiliation and emotional distress. Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

40. As a further direct and proximate result of Defendants' violation of Title VII of the Civil Rights Act of 1964, as described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment

relationship with the Defendants and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to the Plaintiff.

### FOURTH CLAIM FOR RELIEF – RETALIATION

41. Plaintiff incorporates as if fully restated all of the allegations previously written.

42. On November 8, 2013, a friend of Principal Warrington's, Ms. Berline Bastien, told Ms. Weaver that Principal Warrington wanted to resolve the matters between them. Principal Warrington's friend insisted that Ms. Weaver accompany her to the nail salon, a location that Mr. Warrington was waiting, then followed him to have a conversation about calling everything a truce. When Ms. Weaver approached Principal Warrington he started speaking to her in a derogatory manner and snapped pictures of Ms. Weaver with his cell phone.

43. Ms. Weaver moved Principal Warrington's camera from her face and he struck her, she defended herself and she left. Ms. Weaver left to make a complaint at the local precinct. The precinct told her that the matter does not warrant any action and they refused to take her complaint. Ms. Weaver spoke to an attorney to again lodge her complaint.

44. Police officers arrested Ms. Weaver making her aware that Principal Warrington was a respected person in the community. Ms. Weaver was arrested, charged and a criminal case was presented to a grand jury. DOE contacted Ms. Weaver, even though she was no longer employed by them, and they took the position that because of the arrest they felt she violated certain DOE codes and they would not entertain her perspective of what transpired.

45. Plaintiff was charged with Attempted Robbery in the Second Degree – 2 Counts, Attempted Grand Larceny in the Fourth Degree, Assault in the Third Degree, Attempted Assault in the Third Degree, Attempted Petit Larceny, Menacing in the Third Degree, and Stalking in the Fourth Degree and Harassment in the Second Degree. The criminal case was presented before a Grand Jury at which defendant Warrington and Plaintiff testified.

46. The Grand Jury dismissed all charges against Plaintiff on August 16, 2014.

## FIFTH CLAIM FOR RELIEF – MALICIOUS PROSECUTION – STATE LAW CLAIM

47. Plaintiff incorporates as if fully restated all of the allegations previously written.

48. By their conduct, as described herein Defendants are liable to the Plaintiff for having committed malicious prosecution under the laws of the State of New York.

49. Defendants maliciously commenced criminal proceedings against Plaintiff, charging her with Attempted Robbery in the Second Degree – 2 Counts, Attempted Grand Larceny in the Fourth Degree, Assault in the Third Degree, Attempted Assault in the Third Degree, Attempted Petit Larceny, Menacing in the Third Degree, and Stalking in the Fourth Degree and Harassment in the Second Degree. Defendants falsely had Plaintiff charged with violations of the laws of the State of New York.

50. The commencement and continuation of the criminal proceedings against the Plaintiff was malicious and without probable cause.

51. All charges were terminated in Plaintiff's favor.

52. The prosecution of this action was brought vindictively and for an ulterior motive; for the purpose of attempting to legally harass and defame Plaintiff.

53. The bringing and continuing of this action constituted malicious prosecution on the part of individual defendant against Plaintiff, and his conduct, being willful, wanton and malicious, warrants punitive damages.

54. Defendants, their agents and employees were responsible for the malicious prosecution of Plaintiff. Defendant Department of Education, as an employer of the individual defendant, is responsible for his wrongdoing under the doctrine of *respondeat superior.*

55. As a direct and proximate result of the misconduct and abuse of authority stated above, Plaintiff sustained the damages alleged herein.

### SIXTH CLAIM FOR RELIEF – *RESPONDEAT SUPERIOR*

56. Plaintiff incorporates as if fully restated all of the allegations previously written.

57. The conduct of the Defendant Warrington occurred while he was employed as a principal by the Department of Education, and during the course and scope of his duties and functions as a principal and while he was an employee of the Department of Education. Defendant Department of Education is liable to Plaintiff under the common law doctrine of *respondeat superior.*

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief in an amount which will compensate her for:

a. Violation of her rights under Title VII of the Civil Rights Act of 1964;

b. Compensatory damages including lost wages, past and future and/or impairment of power to earn money; physical pain; emotional distress and humiliation, past and future;

c. Punitive damages to punish the individual defendant for his willful, wanton, oppressive, malicious, and/or grossly negligent conduct;

d. Costs expended herein, including reasonable attorney's fees;

e. Such other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated:   July 17, 2015

                                                              Respectfully submitted,

                                                             */s/ René Myatt*
                                                             RENÉ MYATT, ESQ. [RM-4406]
                                                             Attorney for Plaintiff
                                                             204-04 Hillside Avenue, 2nd Floor
                                                             Hollis, New York 11423
                                                             (718) 468-3588