UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

LASHANA WEAVER,

                                              Plaintiff,

-against-

BENTLEY WARRINGTON, et al.,

                                             Defendants.

**ANSWER TO FIRST AMENDED COMPLAINT**

14 CV 7097 (JG) (PK)

JURY TRIAL DEMANDED

------------------------------------------------------------------X

        Defendants Bentley Warrington and the New York City Department of Education (hereinafter "DOE", collectively referred to as "Defendants") by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the First Amended Complaint, dated July 17, 2015, respectfully[1]:

        1.    Deny knowledge or information sufficient to form a belief regarding the allegations set forth in paragraph "1" of the complaint, except admit that on or about April 2013 plaintiff was employed by DOE.

        2.    Admit the allegations set forth in paragraph "2" of the complaint.

        3.    Deny the allegations set forth in paragraph "3" of the complaint, except admit on information and belief that the DOE is a school board organized and existing under the New York Education Law, and that the DOE employs Warrington.

        4.    Deny the allegations in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

        5.    Deny the allegations in paragraph "5" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

---

[1] On October 1, 2015, all causes of action alleged against defendants by plaintiff were dismissed by this Court, except for plaintiff's claim of alleged malicious prosecution.

6. Deny the allegations in paragraph "6" of the complaint, except admit that plaintiff purports to invoke the supplemental jurisdiction of this Court as stated therein.

7. Deny the allegations in paragraph "7" of the complaint, except admit that plaintiff purports to base venue in this district as stated therein.

8. Deny the allegations in paragraph "8" of the complaint, except admit that plaintiff has commenced an action as stated therein, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's age.

9. Deny the allegations in paragraph "9" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding conversations that plaintiff alleges she had with non-parties.

10. Deny the allegations in paragraph "10" of the complaint.

11. Deny the allegations in paragraph "11" of the complaint.

12. Deny the allegations in paragraph "12" of the complaint.

13. Deny the allegations in paragraph "13" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding conversations that plaintiff alleges she had with a third party.

14. Deny the allegations in paragraph "14" of the complaint.

15. Deny the allegations in paragraph "15" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations as they apply to actions of third parties.

16. Deny the allegations in paragraph "16" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to interactions between plaintiff and her union representative.

17. Deny the allegations in paragraph "17" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding conversations that plaintiff alleges she had with a third party.

18. Deny the allegations in paragraph "18" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding conversations that plaintiff alleges she had with third parties.

19. Deny the allegations in paragraph "19" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding any conversation that plaintiff alleges she had with the police.

20. Deny the allegations in paragraph "20" of the complaint, except deny knowledge or information sufficient to forma belief as to the truth of the allegations that plaintiff did not resist the arrest.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "21" of the complaint.

22. Deny the allegations in paragraph "22" of the complaint.

23. Deny knowledge or information sufficient to form a belief as to the trust of the allegations in paragraph "23" of the complaint.

24. Deny the allegations in paragraph "24" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the number of court appearances.

25. Deny the allegations in paragraph "25" of the complaint.

26. Deny the allegations in paragraph "26" of the complaint.

27. Deny the allegations in paragraph "27" of the complaint.

28. In response to the allegations in paragraph "28" of the complaint, defendants repeat and re-allege the responses in the preceding paragraphs of this answer.

29. Deny the allegations in paragraph "29" of the complaint.

30. Deny the allegations in paragraph "30" of the complaint.

31. Deny the allegations in paragraph "31" of the complaint.

32. Deny the allegations in paragraph "32" of the complaint.

33. Deny the allegations in paragraph "33" of the complaint.

34. Deny the allegations in paragraph "34" of the complaint.

35. In response to the allegations in paragraph "35" of the complaint, defendants repeat and re-allege the responses in the preceding paragraphs of this answer.

36. Deny the allegations in paragraph "36" of the complaint.

37. In response to the allegations in paragraph "37" of the complaint, defendants repeat and re-allege the responses in the preceding paragraphs of this answer.

38. Deny the allegations in paragraph "38" of the complaint.

39. Deny the allegations in paragraph "39" of the complaint.

40. Deny the allegations in paragraph "40" of the complaint.

41. In response to the allegations in paragraph "41" of the complaint, defendants repeat and re-allege the responses in the preceding paragraphs of this answer.

42. Deny the allegations in paragraph "42" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding any interactions that plaintiff alleges she had with a third party.

43. Deny the allegations in paragraph "43" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding any conversation that plaintiff alleges she had with the police or her attorney.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "44" of the complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "45" of the complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "46" of the complaint.

47. In response to the allegations in paragraph "47" of the complaint, defendants repeat and re-allege the responses in the preceding paragraphs of this answer.

48. Deny the allegations in paragraph "48" of the complaint.

49. Deny the allegations in paragraph "49" of the complaint.

50. Deny the allegations in paragraph "50" of the complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "51" of the complaint.

52. Deny the allegations in paragraph "52" of the complaint.

53. Deny the allegations in paragraph "53" of the complaint.

54. Deny the allegations in paragraph "54" of the complaint.

55. Deny the allegations in paragraph "55" of the complaint.

56. In response to the allegations in paragraph "56" of the complaint, defendants repeat and re-allege the responses in the preceding paragraphs of this answer.

57. Deny the allegations in paragraph "57" of the complaint.

### FIRST AFFIRMATIVE DEFENSE:

58. The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE:

59. Defendants have not violated any rights, privileges or immunities under

the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### THIRD AFFIRMATIVE DEFENSE:

60. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of other parties for whom the City is not responsible, and was not the proximate result of any act of the defendants.

### FOURTH AFFIRMATIVE DEFENSE:

61. Punitive damages cannot be recovered as against the City of New York or the individual defendant in his official capacity.

### FIFTH AFFIRMATIVE DEFENSE:

62. At all times relevant to the acts alleged in the complaint, the duties and functions of the City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, the City has governmental immunity from liability under state law.

### SIXTH AFFIRMATIVE DEFENSE:

63. Plaintiff failed to mitigate her alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE:

64. To the extent that the complaint alleges any claims arising under the laws of the State of New York, such claims are barred in whole or in part by reason of plaintiff's failure to comply with the requirements of the New York General Municipal Law, §§ 50-e, 50-h and/or 50-i.

### EIGHTH AFFIRMATIVE DEFENSE:

65. To the extent that the complaint alleges any claims arising under the laws of the State of New York, such claims are barred in whole or in part by the applicable statute of limitations.

### NINTH AFFIRMATIVE DEFENSE:

66.     The individual defendant acted reasonably in the proper and lawful exercise of his discretion and has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and therefore, are entitled to qualified immunity.

### TENTH AFFIRMATIVE DEFENSE:

67.     The individual defendant is immune from suit under state law for his exercise of discretion in the performance of a governmental function and/or his exercise of professional judgment.

**WHEREFORE**, defendants request judgment dismissing the complaint, as against them, with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       December 7, 2015

>                                       ZACHARY W. CARTER
>                                       Corporation Counsel of the
>                                       City of New York
>                                       *Attorney for Defendants*
>                                       100 Church Street
>                                       New York, New York 10007
>                                       (212) 356-2423
>
>                               By:     _____
>                                       MATTHEW W. McQUEEN
>                                       Assistant Corporation Counsel
>                                       Special Federal Litigation