UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
LASHANA WEAVER,

                       Plaintiff,

           -against-

BENTLEY WARRINGTON,

                      Defendant.
------------------------------------------------------------- x

<u>MEMORANDUM & ORDER</u>

14-cv-7097 (ENV) (ST)

VITALIANO, D.J.

On December 4, 2014, plaintiff Lashana Weaver initiated this action, bringing a variety of claims arising from her employment with the New York City Department of Education. Compl. (ECF No. 1). She has since fired her attorney and chosen to proceed *pro se*. Weaver now requests leave to file a second amended complaint.[1] Pl.'s Br. in Supp. of Mot. for Leave to Amend (ECF No. 85) ("Mot."). She seeks to add three defendants and to reinstate several claims that were previously dismissed. *Id.* For the reasons set forth below, the motion is denied.

## Discussion

In her original complaint, plaintiff sued Bentley Warrington and the New York City Department of Education, advancing an assortment of employment discrimination claims against both defendants, as well as a state-law malicious prosecution claim against Warrington. Weaver filed an amended complaint on July 17, 2015, Am. Compl. (ECF No. 25), which defendants moved to dismiss on August 18, 2015, Mot. to Dismiss (ECF No. 28). Following oral argument,

---

[1] Although plaintiff filed only a memorandum in support of a motion for leave to amend and did not file a motion, out of the solicitude owed to *pro se* litigants, the Court will treat plaintiff's brief as a motion.

1

on October 1, 2015, the Court (per Gleeson, J.) dismissed all claims except the malicious prosecution claim against Warrington, which was deemed a § 1983 claim. Minute Entry & Order (Oct. 1, 2015). Focused by the dismissal order, the parties began the discovery process. Finally, after nearly four years of litigation, on August 21, 2018, Magistrate Judge Tiscione ordered that discovery close by September 11, 2018 and that any dispositive motion practice commence by October 11, 2018. Order Granting Mot. for Extension of Time (Aug. 21, 2018). Then, on September 28, 2018, apparently mistaking Judge Tiscione's directive as a suggestion rather than a scheduling order, Weaver sought to turn back the hands of time and filed this motion to rekindle lost claims.

In short, her motion is untimely, and she has not offered a speck of good cause to excuse it. "Where a scheduling order has been entered, the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) (first quoting Fed. R. Civ. P. 15(a); and then quoting Fed. R. Civ. P. 16(b)); *see also Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (noting that "[u]ndue delay" is a "reason[] to deny leave" to amend). Here, Magistrate Judge Tiscione set a deadline of September 11, 2018 for the close of discovery, and weeks after that deadline and more than a month after its scheduling, Weaver filed a motion that, if granted, would cause not a simple delay in the schedule but a reopening of discovery. That is one reason why, not surprisingly, courts in this circuit routinely hold that motions to amend are untimely when filed after the close of discovery. *See, e.g., McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007); *Williams v. Woodhull Med. & Mental Health Ctr.*, No. 10-cv-1429 (NGG) (LB), 2012 WL 555313, at *3 n.4 (E.D.N.Y. Jan. 31,

2012), *adopted*, 2012 WL 567028 (E.D.N.Y. Feb. 16, 2012); *Simon v. City of New York*, No. 09-cv-1302 (ENV) (RER), 2011 WL 317975 (E.D.N.Y. Jan. 3, 2011). *adopted*, 2011 WL 344757 (E.D.N.Y. Feb. 1, 2011). In *Williams* and *McCarthy*, the already concluded discovery had spanned almost two years before plaintiff's motion. In *Simon*, the untimely proposed amendment came after litigation of only one year. Here, with nearly four years having elapsed and discovery having closed, plaintiff's motion cannot be characterized as anything close to timely.

In light of that finding, the Court must determine whether Weaver has shown good cause for her delay. "A finding of good cause depends on the diligence of the moving party." *Grochowski*, 318 F.3d at 86 (citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000)). Consequently, with timing a determining feature, "[a] party fails to show good cause when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." *Levy v. Young Adult Inst., Inc.*, No. 13-cv-2861 (JPO) (SN), 2014 WL 6611454, at *10 (S.D.N.Y. Nov. 21, 2014). Weaver concedes that "[t]he alleged facts [of her hypothetical amended complaint[2]] were entirely known – and, in fact, in existence – at the time [she] filed [her] original complaint." Mot. at 17. Indeed, the parties Weaver seeks now to sue as defendants were previously identified and listed as witnesses. Moreover, by plaintiff's account, Judge Gleeson had recommended joining them as defendants as early as October 1, 2015. *See* Mot. at 6. In other words, Weaver allowed this litigation to plod along for four years, with discovery opening and closing, before springing an amended complaint as defendants finalized dispositive motions, and with no explanation of why she could not have amended

---

[2] To make matters worse, plaintiff did not file a proposed amended complaint with her motion.

3

earlier. *Cf. Levy*, 2014 WL 6611454, at *3 ("To show good cause, a movant must demonstrate . . . that despite the movant's effort, the deadline to amend the pleadings could not have been reasonably met.").

As for the "new" claims Weaver seeks to add, certainly, it must not, and does not, escape notice that they are the very claims that Judge Gleeson dismissed over three years ago. Mere reassignment of the case to a successor judge does not reopen issues already decided by the predecessor. It most definitely does not constitute good cause excusing the untimeliness of a proposed amendment to the complaint. If anything, the opposite is true, especially given the still standing declaration that the claims are implausible. *See generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (explaining that the standard on a Rule 12(b)(6) motion is whether a complaint "state[s] a claim to relief that is plausible on its face"). Plaintiff has made no showing that claims that once could not even survive the threshold test of 12(b)(6) are now not only plausible but compelling enough to justify prolonging this four-year-old litigation journey. Furthermore, the record does not indicate that Judge Gleeson granted Weaver leave to amend the first incarnation of these claims when he dismissed them from the amended complaint. But, in the face of that order, Weaver, still then represented by counsel, did not move timely for reconsideration nor did she make any other motion seeking leave to amend the dismissed claims she now seeks to add in her proposed second amended complaint. In this settled posture, absent a showing of good cause, it would contravene the law of the case to allow plaintiff to join those claims that were previously dismissed.

Lastly, it is obvious that defendants would be significantly prejudiced if plaintiff were granted another opportunity to amend. In *McCarthy*, the Second Circuit held that amendment of the complaint "would have prejudiced defendants because the amendment was sought at a late

4

stage of the litigation, after the close of discovery and after defendants had moved for summary judgment." *McCarthy*, 482 F.3d at 190. Defendants here have endured much lengthier litigation than the defendants in *McCarthy*. Additionally, although Weaver filed her motion before defendants served their motion for summary judgment, her motion came less than two weeks before defendants' motion was due, presumably during the preparation of the motion. Evidencing the contemporaneousness and real harm of Weaver's untimely motion, defendants served their motion for summary judgment hard on the heels of the motion Weaver filed. By any measure, clearly, it would be highly prejudicial to require defendants to suffer through further discovery or to rewrite that motion and have resolution exponentially delayed, all without any showing of good cause for delay or even plausibility of any amendment. Therefore, in these circumstances, further amendment of the complaint is barred.

## Conclusion

For the foregoing reasons, plaintiff's motion for leave to amend is denied.

The Clerk of Court is directed to mail a copy of this order to the *pro se* plaintiff.

So Ordered.

Dated: Brooklyn, New York
October 17, 2018

s/Eric N. Vitaliano
_____
ERIC N. VITALIANO
United States District Judge

5